UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

SONYA SEXTON, as Administratrix of
the Estate of CLINT E. SEXTON,

      Plaintiff,

v.                          CIVIL ACTION NO.   5:20-cv-00503

UNITED STATES OF AMERICA,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending is the United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 7], filed September 10, 2020. The matter is ready for adjudication.

**I.**

Clint E. Sexton ("Mr. Sexton") committed suicide in his cell at FCI Beckley by hanging on August 15, 2018. [Doc. 1 at 4]. His Presentence Investigation Report ("PSR") set forth Mr. Sexton's extensive history of mental health challenges, including his past thoughts of suicide. [*Id.* at 3–4; Doc. 9-1]. The PSR included a recommendation that he receive a psychiatric evaluation. [*Id.*]. FCI Beckley never performed one. [Doc. 1 at 4–5].

Plaintiff Sonya Sexton ("Sexton"), the administrator of the Estate of Clint E. Sexton, instituted a wrongful death action against the Federal Bureau of Prisons ("BOP") for its alleged negligent conduct. [*Id.* at 5–6]. Sexton, through counsel, began by filing her notice of claim via certified mail to the BOP in a letter dated August 1, 2019. [Doc. 9-1 at 1]. The submission

included a completed Standard Form 95, Mr. Sexton's PSR, an authorization to disclose health information signed by Ms. Sexton, and a probate court order appointing Ms. Sexton as Administrator. [Doc. 9-1]. The BOP received this letter on August 5, 2019. [Doc. 7-1 at 16]. Agency personnel did not deem the letter to include evidence of Ms. Sexton authorizing her lawyer to represent her in the matter. [*See id.*; Doc. 9-2 at 1]. The BOP thus rejected the claim and instructed the lawyer, in a certified letter dated August 14, 2019, that "[u]pon receipt of proof that you are authorized to act on behalf of Mrs. Sexton, the claim will be accepted." [Doc. 9-2 at 1]. This letter was received on August 19, 2019. [Doc. 7-1 at 23].

The Parties dispute what next occurred. The lawyer asserts that a letter with a copy of the Contract of Representation between he and Ms. Sexton was sent to the BOP on October 17, 2019. [Doc. 9-3 at 1–3]. The BOP responds that it has no record of any correspondence between its August 14, 2019, reply letter and a letter from the lawyer on March 2, 2020, inquiring about the status of the matter. [Doc. 11 at 1; Doc. 9-4 at 1]. It is uncontested that after receiving the March 2, 2020, inquiry, from the lawyer, the BOP responded via certified mail sent on April 15, 2020, stating the claim had been rejected due to the reasons articulated in the August 14, 2020, letter. [Doc. 9-5 at 1]. It also included a copy of the August 14, 2020, letter. [*Id.* at 2].

The lawyer responded on May 21, 2020, in a letter which included both his contract of employment and the order appointing Ms. Sexton the Administrator of Mr. Sexton's estate. [Doc. 9-6]. The BOP, however, asserts it likewise did not receive this letter and, inasmuch as it was addressed to an employee who did not work at the location to which it was mailed, the letter would have been returned as undeliverable and not forwarded. [Doc. 11 at 1, 6–7]. Receiving no response to this letter, Ms. Sexton instituted this action on July 23, 2020, in advance of the August 15, 2020, expiration of the applicable limitations period. [Doc. 9 at 4].

2

The United States filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on September 10, 2020. [Doc. 7]. The United States contends that Ms. Sexton failed to exhaust her administrative claim as required by the Federal Tort Claims Act ("FTCA"), resulting in a sovereign immunity bar. [Doc. 8 at 5]. The United States contends the exhaustion requirement is jurisdictional and cannot be waived. [*Id.* at 7]. In the alternative, if the August 14, 2019, letter is construed as a denial instead of a rejection, the United States contends that Ms. Sexton's complaint is untimely as it was filed more than six months after the August 14, 2019, letter was mailed. [*Id.* at 6].

In a September 14, 2020, response, Ms. Sexton urges the Court to use a summary judgment standard to evaluate the United States' motion. [Doc. 9 at 2–3]. She further asserts that she twice corrected the deficiency in her claim. [*Id.* at 3–4]. She argues that inasmuch as the BOP wrongfully failed to accept her claim, it should be estopped from benefitting because of her detrimental reliance. [*Id.* at 5].

In a September 21, 2020, reply, the United States notes that the non-receipt of the corrective letters is not chargeable to the BOP. [Doc. 11 at 1]. Furthermore, the United States asserts it is entitled to a presumption of regularity in the absence of clear evidence to the contrary. [*Id.* at 3]. The United States submitted a signed declaration from a paralegal at the Consolidated Legal Center ("CLC") at FCI Beckley stating that all submitted documents in relation to an administrative claim are uploaded to the BOP's Content Manager Application ("CM"). FCI Beckley never received a signed copy of Sexton's authorization for representation; if it had, the document would have been uploaded to the CM. [Doc. 11-2 at 2–3].

3

## II.

"[A] defendant may challenge subject matter jurisdiction in one of two ways." *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 628 (4th Cir. 2016) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "First, the defendant may contend that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

Alternately, a party can contend "that the jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If so, "[a] trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." *Kerns*, 585 F.3d at 192 (internal quotation marks and emphasis removed) (quoting *Adams*, 697 F.2d at 1219). In that situation, "[t]here is no presumption of truth and the court weighs the evidence presented in a 12(b)(1) hearing to determine jurisdiction. *24th Senatorial Dist. Republican Comm.*, 820 F.3d at 629 (quoting *Kerns*, 585 F.3d at 192).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). "[A]ny waiver of that immunity must be unequivocally expressed in a statutory provision, which the courts must construe in favor of the United States." *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (internal quotation marks omitted) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)). "[A] court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th

Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 417 (2018).

The FTCA makes the United States liable for "tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, 28 U.S.C. § 2401(b) sets the following procedural requirements:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

28 U.S.C. § 2401(b); *see also Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000) ("A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government."). Moreover, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Kokotis*, 223 F.3d at 278 (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)).

*Kokotis* suggests that the vesting of original jurisdiction depends upon the administrative claim being "properly presented." *Id.* (quoting 28 U.S.C. § 2401(b)). The FTCA's implementing regulations state that:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, *and is accompanied by evidence of his authority to present a claim on behalf of the claimant* as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2 (emphasis added) (*see* Federal Bureau of Prisons Program Statement Number 1320.06, Federal Tort Claims Act at 3 (Aug. 1, 2003) (hereinafter "BOP Program Statement") (listing 28 C.F.R. § 14.1 through 14.11 under "Rules Referenced")). The BOP Program Statement

explicitly incorporates the requirement that a representative such as a lawyer "may file a claim for you *if* the person provides a written statement signed by you giving that person permission to act for you." BOP Program Statement at 3 (emphasis added). The BOP Program Statement instructs claimants, "If you fail to provide all necessary information, your claim will be rejected and returned to you requesting supplemental information." *Id.* at 4.

However, the Supreme Court recently held that "courts may toll both of the FTCA's limitations periods." *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015). Section 2401(b)'s text instead "speaks only to a claim's timeliness, not to a court's power." *Id.* at 410. "What matters instead is that § 2401(b) does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* at 411 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)). "A statute can be equitably tolled only if a plaintiff shows that (1) she pursued her claim with reasonable diligence and (2) extraordinary circumstances prevented her from filing on time. *Lucas v. United States*, 664 Fed. Appx. 333 (4th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is a remedy for when "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchison*, 209 F.3d 325, 330 (4th Cir. 2000).

Additionally, many courts have held that a submission from an attorney purporting to file a claim on behalf of the attorney's client provides sufficient notice to meet the presentation requirement. *See*, *e.g.*, *Young v. U.S.*, 698 F. Supp. 393, 396 (D. Mass. 1988) (attorney statement and letter from client asking attorney to represent client sufficient evidence of attorney's authority to act on client's behalf); *Jama v. I.N.S.*, 22 F. Supp. 2d 353, 369 (D.N.J. 1998) (stating "mere inclusion in regulations of a requirement for evidence of authority does not confer jurisdictional significance upon it" as "submission of a claim by an attorney raises the presumption that the

6

attorney had the authority to act on behalf of the party he or she purports to represent") (citing *Graves v. United States Coast Guard*, 692 F.2d 71, 74 (9th Cir. 1982)); *Conn v. U.S.*, 867 F.2d 916, 919 (6th Cir. 1989) (collecting cases showing lack of "documentation of the authority of the person filing on behalf of the claimant . . . does not render the form an ineffective presentment for purposes of 28 U.S.C. § 2675(a)").

Finally, our Court of Appeals recognizes a "presumption of regularity [that] attaches to the actions of Government agencies." *Nardea v. Sessions*, 876 F.3d 675, 680 (4th Cir. 2017) (quoting *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001)). The presumption requires that "in the absence of clear evidence to the contrary, courts presume that [government agents] have properly discharged their official duties. *Id.* (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926)). The presumption is "sufficient to sustain the inference that the agency did whatever was appropriate to effectuate [their own agency] procedure." *Petrelle v. Weirton Steel Corp.*, 953 F.2d 148, 153–54 (4th Cir. 1991) (quoting *R.H. Stearns Co. v. United States*, 291 U.S. 54, 63 (1934)).

### III.

Standard Form 95 ("Form") contains several warnings about the proper method to present a claim. Importantly, the Form indicates that the claim may be filed by a legal representative "provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant." [Docs. 7-1 at 18, 9-1 at 3]. The Form further instructs that, if the legal representative signs the claim, "[the claim] must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant." [Doc. 9–1 at 3]. As noted, the BOP deemed the original claim

7

lacked evidence of the lawyer's authority to represent Ms. Sexton, leading to its rejection. [Doc. 9-2].

The Form further warns a failure to supply the requested material "within two years from the date the claim accrued may render your claim invalid." [Doc. 9-1 at 3]. In boldface, it instructs, "A claim is deemed presented when it is received by the appropriate agency, not when it is mailed." [*Id.*]. The question is thus whether the BOP received the material necessary for the claim to have been properly presented.

The presumption of regularity is instructive. Absent clear evidence that the BOP received the claim, the Court must presume that the agents of the United States "properly discharged their official duties." *Almy v. Sebelius*, 679 F.3d 297, 309 (4th Cir. 2012) (quoting *United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926)). Here, the BOP has no record of receiving the follow-up submissions from Ms. Sexton's lawyer demonstrating the lawyer's authorization to represent her. [*See* Doc. 11-2 at 2–3].

The Court is thus left with the question of whether Ms. Sexton's original submission to the BOP contains sufficient evidence to conclude that her attorney is authorized to act on her behalf. In the usual case, the matter would be straightforward. Here, however, the Court is uncertain which of the attachments were actually considered by the BOP in arriving at its decision. For example, the filing includes a cover letter on official letterhead stating that the firm "has been retained by Sonya Sexton to represent her in a claim for the wrongful death of Clint Sexton." [Doc. 9-1 at 1]. Furthermore, it contains a form authorizing the disclosure of health information signed by Ms. Sexton and directing the BOP to share the information with her attorneys for the purposes of litigation. [*Id.* at 24]. Again, the record does not reflect whether the BOP considered the synergistic effect of these multiple indications respecting the lawyer's

8

authorization to proceed.

In deference to the BOP's statutory and regulatory authority, the Court will dismiss this action without prejudice to permit further consideration by the BOP not inconsistent with this written opinion and order.[1]

## IV.

Based upon the foregoing discussion, the Court **DENIES** Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 7]**. The case is **DISMISSED** without prejudice and stricken from the docket, with leave to refile at such time, if ever, that the administrative process has concluded in accordance with the statutory prerequisites.

The Motion to Stay Discovery and All Other Proceedings Pending the Court's Resolution of Motion to Dismiss Plaintiff's Complaint **[Doc. 12]**, is **DENIED** as moot.

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:    March 29, 2021



Frank W. Volk
United States District Judge

---

[1] There is binding authority that subject matter jurisdiction depends upon a plaintiff first exhausting her FTCA administrative remedies. 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). Our Court of Appeals has likewise noted the administrative claim must be denied by the agency or a six-month period without final disposition of the claim by the agency must elapse prior to instituting the action. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *see also Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981). The extent to which these decisions are subject to modification in light of *Kwai Fun Wong* is reserved to the Supreme Court and our Court of Appeals.